```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


OSCAR TABARAZ AND CECILIA AYALA  §
TABARAZ,                         §
                                 §
            Plaintiffs,           §
                                 §
VS.                              §   CIVIL ACTION H-12-1386
                                 §
JPMORGAN CHASE BANK, N.A.,       §
                                 §
            Defendant.           §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced declaratory judgment action, removed from state court on diversity jurisdiction and seeking to stop foreclosure of a lien held by Defendant JPMorgan Chase Bank on an undivided one-third (1/3) interest in a residence owned in majority part by Plaintiffs Oscar Tabaraz and Cecelia Ayala Tabaraz, is Plaintiffs' motion to remand (instrument #5) on the grounds that the amount in controversy does not exceed the jurisdictional minimum of $75,000.00, exclusive of costs and interest, as required under 28 U.S.C. § 1332(a).

**Allegations of Plaintiffs' Original Petition (#1-1)**

On April 29, 2004, Plaintiffs became fee simple owners of the real property at 8048 Elrod Street, Houston, Texas 770017. Warranty deed, Ex. A to Petition, #1-1. Approximately two months later, they conveyed an undivided one-third interest in the property to their son, Oscar Tabaraz, Jr. ("Tabaraz, Jr."). Ex. B

-1-

to Petition.  Less than a month later, Tabaraz, Jr. and his wife entered into a Homestead Lien Contract and Deed of Trust arrangement with Bank One N.A., which in turn provided an extension of credit to Tabaraz, Jr. in the amount of $74,368.00, evidenced by a promissory note (Ex. C).  To secure payment of the note, Tabaraz, Jr. and his wife executed and delivered to Bank One a Homestead Lien Contract and Deed of Trust (Ex. D).  Although Tabaraz, Jr. owned only an undivided one-third interest in the property in dispute, as reflected on the face of his deed, the unambiguous language in the Homestead Lien Contract and Deed of Trust indicated that it extended to and attached the entirety of the property.

On July 17, 2009 Tabaraz, Jr. filed for Chapter 7 bankruptcy. On October 27, 2009 the Bankruptcy Court discharged the debts of Tabaraz, Jr.  Nevertheless on February 8, 2012 Defendant, as successor by merger to Bank One, moved for relief from the automatic stay regarding nonexempt property and informed the Bankruptcy Court that it held a security interest in the property, that it estimated the property's value to be $93,620.00, that the total amount owed to Defendant on the note was $78,877.77, and that because Tabaraz, Jr. only claims a one-third interest in the property, he did not appear to have any equity in it.  Defendant therefore asked the Bankruptcy Judge to terminate the automatic stay to permit it to foreclose on the property.  The Bankruptcy Court granted that relief on March 2, 2010 to allow Defendant "to

pursue its state law remedies, including foreclosure, repossession and/or eviction . . . .". Exs. E and F. Defendants sent Tabaraz, Jr. a Notice of Intent to Foreclose (Ex. G) dated March 22, 2012, stating that unless he paid within 35 days the past due sums on the debt, from which he was discharged in bankruptcy, Defendant would proceed to foreclosure.

The Petition states that the Homestead Lien Contract and Deed of Trust (Ex. D) held by Defendant is void because it violates a number of provisions of Article 16, § 50 of the Texas Constitution, including the following: "(a) the extension of credit by the Homestead Lien Contract and Deed of Trust was not created under a written agreement with the consent of each owner and each owner's spouse. Specifically Plaintiffs, who are owners of an undivided two-thirds (2/3) interest in the property, did not consent; (b) the extension of credit was of a principal amount that far exceeded 80% of the fair market value of Tabaraz, Jr.'s undivided interest in the property on the date the extension of credit was made; and (c) the extension of credit was secured by real property other than Oscar Tabaraz, Jr.'s homestead interest." Plaintiffs claim that Article 16, § 50(6)(Q)(X) and (XI) of the Texas Constitution mandates that a "lender or holder of a home equity loan which is not in compliance with the terms and provisions of Article 16, § 50 'shall forfeit all principal and interest of the extension of credit.'" Moreover, the promissory note (Ex. C) at issue here

states on page 2, "HOME EQUITY LOAN--THIS LOAN IS AN EXTENSION OF CREDIT OF THE TYPE DEFINED BY SECTION 50(A)(16), ARTICLE XVI, TEXAS CONSTITUTION." Thus under the Texas Constitution, Defendant must forfeit all of the principal and interest of the underlying obligation.

### Substantive Law

Where a state court petition does not identify the amount of monetary damages sought, the defendant must show that it is apparent from the face of the petition that the claims are likely to exceed $75,000.00 or by summary judgment evidence that it is more likely than not that the amount in controversy exceeds $75,000.00 to support removal on diversity grounds. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), *citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1995). In an action seeking equitable relief, i.e., a declaratory judgment or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). It is also the "value of the right to be protected or the extent of the injury to be prevented." *Id.* "When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009), *quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545,

547-48 (5th Cir. 1961). The amount in controversy is measured from the perspective of the plaintiff. *Vraney v. Cnty. of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958)(*per curiam*); *Leonard v. Mariners Strategic Fund II, LLC*, No. 4:12-CV-461-A, 2012 WL 3038172, *2 (N.D. Tex. July 25, 2012).

### Plaintiffs' Motion to Remand (#5)

Contending that this action must be remanded because the amount in controversy is less than $75,000.000, Plaintiffs specifically argue that because Defendant's lien is only on Tabaraz, Jr.'s one-third interest in a house with an estimated fair market value of $93,620.00, Defendant's lien has a value of only $31,206.67.[1] Furthermore, in response Plaintiffs argue that Defendant incorrectly states that they seek a declaration that the note payable in the amount of $74,368.00 and a deed of trust securing the debt are void and that Plaintiffs are entitled to forfeiture of all the principal and interest payments made under the note. Pointing out that § IX of their petition asserts that because of its noncompliance with provisions of the Texas Constitution Defendant has forfeited all principal and interest under the note, Plaintiffs insist that they have no standing to bring such a claim, they are strangers to the note, have made no payments under it, and do not seek such relief, but that even if

---

[1] Plaintiffs own the other two-thirds interest in the house free and clear of any lien.

Defendant were correct,[2] a suit to declare a note payable in the amount of $74,368.00 to be void would not meet the minimum jurisdictional amount for diversity jurisdiction.  If the lien is valid at all, it attaches only to Tabaraz, Jr.'s one-third interest, which is worth no more than $32,000.00.  Plaintiffs claim they seek only a temporary injunction to enjoin Defendant from foreclosing on the property and a declaratory judgment declaring the lien to be void and removing it as a cloud on Plaintiffs' title.

### Defendant's Response (#7)

Arguing that it is apparent from the face of the petition that the claims are likely to exceed $75,000.00 even if Plaintiffs' alleged two-thirds interest worth only $64,000.00 is considered, Defendant maintains that because Plaintiffs seek to prevent foreclosure and to quiet title, the value of the property, plus

---

[2] An examination of the Original Petition, #1-1 at VIII, reveals that Defendant accurately reported Plaintiffs' allegation:

> Additionally, Plaintiffs bring this action under the Uniform Declaratory Judgment Act, Tex. Civ. Proc. & Rem. Code § 37.001 et seq., seeking a declaration from the Court that Defendant holds no lien or other security interest in the property, declaring that the purported lien imposed on the property by the Homestead Lien Contract and Deed of Trust executed by Oscar Tabaraz, Jr. on July 10, 2004 (Exhibit "D") is void and of no further force or effect and issuing judgment quieting title to Plaintiffs' property.

requested attorney's fees,[3] sets the amount in controversy. If Plaintiffs are not granted the relief they seek and if the property is foreclosed, they will lose more than their alleged 2/3 interest in the property; they will lose a collection of rights, including right to ownership, title, and possession of the property. *Martinez v. BAC Home Loans Servicing LP*, 777 F. Supp. 2d 1023, 1048-49 (W.D. Tex. 2010), *citing Mapp v. Deutsche Bank Nat'l Trust Co.*, No. 3:08-CV-695-WKW, 2009 WL 3664118 (MD. Ala. Oct. 28, 2009).

Accepting Plaintiffs' contention that the value from their viewpoint controls, the Court should consider that the value of their interest in the property is at least $62,413.22 (2/3 of the alleged property value Plaintiffs claim to own). Defendant argues that this amount plus the amount in attorney's fees that Plaintiffs are likely to recover if they prevail will exceed the jurisdictional limit.

### Plaintiffs' "Sur-Reply" (#8)

Plaintiffs insist, and point out that Defendant has not alleged otherwise, that their 2/3 interest in the property is not subject to the Homestead Lien Contract and Deed of Trust (Ex. D to Original Petition) executed by Tabaraz, Jr. and his wife. That

---

[3] Attorney's fees may be included in the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990), *citing* 14A C. Wright & Miller, *Federal Practice & Proc.* § 3712 at 176 (2d ed. 1985)("The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract or by state statute.").

document specifically states, *id.* at p.1,, "Owner represents to Lender that the Property is Owner's homestead.  If a part of the Property is not now, or at any time in the future is determined not to be, Owner's homestead, Lender hereby disclaims any lien on such non-homestead property, it being Lender's intention to obtain a lien, as provided for by Section 50(a)(6), Texas Constitution, in Owner's homestead property only."

The Court finds that this last argument goes to the merits of the dispute rather than the amount in controversy.  After considering the briefs and the applicable law, the Court is persuaded by Defendant that it is apparent from the face of the petition that Plaintiffs' claims are likely to exceed the jurisdictional minimum.  The fair market value of Plaintiffs' two-thirds interest in the property plus the attorney's fees they seek if they prevail appears to exceed the $75,000.00 jurisdictional minimum.  Accordingly, the Court

ORDERS that Plaintiffs' motion to remand is DENIED.

**SIGNED** at Houston, Texas, this  14th  day of  August , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE